UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GARRICK POMALES-SOTO,

  Plaintiff,

  v.

WILFREDO GUZMAN, et al.,

  Defendants.

Civil No. 12-1091 (JAF)

**OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss. (Docket No. 13.)  Plaintiff opposed the motion. (Docket No. 14.)  Defendants replied. (Docket No 16.)

**I.**

**Factual and Procedural History**

On February 10, 2012, Plaintiff filed his complaint. (Docket No. 1.)  Plaintiff alleged that several federal agents and two unknown individuals violated his Fourth Amendment rights.  He sought damages through the statutory framework of 42 U.S.C. § 1983. (Docket No. 1 at 4-5.)

On June 19, 2012 Defendants, represented by the United States Attorney for the District of Puerto Rico, filed an informative motion with the court noting that the Plaintiff had not effectuated proper service according to Federal Rule of Civil Procedure 4(i). (Docket No. 10.)  In an Order issued on June 27, 2012, we extended the time for Plaintiff to cure the defective service and gave clear warning that if proper service was not made by July 16, 2012, we would dismiss the case for lack of service. (Docket No. 11.)  Four days

Civil No. 12-1091 (JAF)                                                                                                                -2-

after that deadline, on July 20, 2012, Plaintiff filed a certificate of service. (Docket No. 12.) On July 27, 2012, Defendants filed the present motion arguing that the case should be dismissed without prejudice because the Plaintiff failed to properly serve according to law by the court-imposed deadline and, thus, this court lacks personal jurisdiction over the Defendants. (Docket No. 13.) Defendants noted that Plaintiff had not only missed the deadline, but that Plaintiff's late attempt at service was still insufficient. (Docket No. 13). In reply, Plaintiff, with nothing more, stated that he had mailed a certified letter to the Attorney General of the United States on July 20, 2012. (Docket No. 14.) Defendants note, however, that Plaintiff failed to attach a copy of the letter, thus failing to comply with Rule 4(i). (Docket No. 16.) Defendants request that we quash the improper attempted service of summons and dismiss the complaint without prejudice. We grant Defendants' motion.

## II.

### Legal Standard for a Motion to Dismiss

Rules 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure allow a defendant to seek dismissal when a plaintiff fails to sufficiently serve the defendant properly. Fed.R.Civ.P. 12(b)(5). The requirements for service of process upon the United States are delineated in Rule 4(i). Fed.R.Civ.P. 4(i). Rule 4(i)(A) provides that in order to make the United States a party to an action, a plaintiff is required to serve a copy of the summons and the complaint to (1) the United States Attorney for the district in which the action is brought; or to (2) one of the Assistant United States Attorneys; or (3) a clerical employee designated by the United States Attorney in a writing filed with the clerk of the district court; or (4) by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney.

Civil No. 12-1091 (JAF)                                                                                           -3-

See Fed.R.Civ.P. 4(i)(A). In addition, Federal Rule 4(i)(1)(B) requires that a copy of both the summons and the complaint be sent by registered or certified mail to the Attorney General of the United States in the District of Columbia. See Fed.R.Civ.P. 4(i)(1)(B). A district court may dismiss a complaint for a plaintiff's failure to comply with the requirements prescribed by both Rule 4(i)(1)(A) and Rule 4(i)(1)(B). See Blair v. City of Worcester, 522 F.3d 105, 110 (1st Cir. 2008); Franco v. Rivera v. Chairman of Bd. Of Directors of FDIC, 690 F.Supp. 118 (D.P.R. 1988) (dismissal for failure to serve United States Attorney and Attorney General). Once the sufficiency of service of process is challenged, the "plaintiffs have the burden of proving proper service." Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Working in conjunction with these requirements, Rule 4(m) provides 120 days after the filing of the complaint for the plaintiff to effect service upon the defendant. See Fed.R.Civ.P. 4(m). Rule 4(m) instructs district courts to provide additional time if there is good cause for a plaintiff's failure to effect service within the prescribed 120 days. Id. The burden is on the plaintiff to establish good cause. See, e.g., Bejamin v. Grosnick, 999 F.2d 590 (1st Cir. 1993) (plaintiff demonstrated good cause by endeavoring, albeit unsuccessfully, to obtain service of process, while co-plaintiff, who did not meet requirements, failed to demonstrate good cause). When faced with a plaintiff's insufficient service of process, district courts have broad discretion to dismiss the action. See Ramirez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 86 (D.P.R. 2006); see also 5 C. Wright & A. Miller, Federal Practice and Procedure §1354 (2004).

Civil No. 12-1091 (JAF)                                                                                                           -4-

## III.

## Analysis

In their motion to dismiss, Defendants claim that Plaintiff, even after receiving fair notice from this court, failed to effectuate properly the service of process. (Docket No. 16 at 2.) In response, the Plaintiff concedes that service was not perfected until August 9, 2012— 25 days after the court ordered deadline and 172 days after the filing of the complaint.[1] (Docket No. 14.) However, in our Order of June 27, 2012, this court alerted the Plaintiff that the way service had been performed was defective and set forth the grounds and the timeline under which service was to be properly processed. (Docket No. 11.) Plaintiff not only has not shown good cause for his lack of proper service in satisfying both Rule 4(i)(A) and Rule 4(i)(1)(B), he has had more than a reasonable amount of time to cure his defective service.

In light of these facts, this court concludes that it lacks in-personam jurisdiction over all Defendants in both their official and individual capacities in light of Plaintiff's failure to serve process in accordance with the applicable rules and this court's order. Therefore, we grant the Defendants' motion to dismiss (Docket No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(5).

---

[1] Plaintiff directs our attention to Rule 4(i)(4) which states:
> The court must allow a party a reasonable time to cure its failure to:
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

This court granted an extension beyond the first 120 days in which Plaintiff failed to serve the Defendants. Plaintiff failed to meet even the extended deadline. Given those facts, Rule (4)(i)(3) does not help Plaintiff.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' motion and **DISMISS WITHOUT PREJUDICE** Plaintiffs' claims. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of November, 2012.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               United States District Judge